**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

IN RE VINCENT AND ANGEL GARNER,

                                                  Bankruptcy Case Number
                                                    19-80907-CRJ-13

        Debtors,

VINCENT AND ANGEL GARNER,

        Plaintiffs,

                                                  Adversary Proceeding No.

v.

CONN APPLIANCES, INC.
D/B/A CONN'S HOMEPLUS

        Defendant,

## COMPLAINT

The debtors in this bankruptcy case and plaintiffs in this adversary proceeding, Vincent and Angel Garner (the "Garners"), make the following allegations in their complaint against the Defendant, Conn Appliances, Inc. d/b/a Conn's HomePlus ("Conn").

### Parties, Jurisdiction, and Nature of Action

1.      The Garners are the debtors in the above-referenced Chapter 13 bankruptcy case which was commenced on March 21, 2019.  Conn is a corporation organized and existing under the laws of the State of Texas. At all times material to this complaint, Conn regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. The Garners did business with Conn within this district and division, and it is these business transactions that give rise to this litigation.

2.      Conn's HomePlus is listed as a creditor in the schedules filed by the Garners.

3.      Despite having both notice and actual knowledge of the commencement of the Garners' case, Conn made phone calls and sent **seven** emails to the Garners in an effort to collect a pre-petition debt owed by the Garners to Conn.

4.      The Garners bring this action to recover the actual damages they have sustained as a result of Conn's willful violation of the automatic stay in this case and to recover punitive damages from Conn for those violations.

5.      This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of the Garners' estate, requests the

return of property of the estate, and affects the adjustment of the debtor-creditor relationship between the Garners and Conn. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

## Claim – Violation of the Automatic Stay

6. The Garners incorporate by reference the allegations in paragraphs one through three of this complaint.

7. The schedules filed by the Garners upon the commencement of this bankruptcy case listed Conn as a creditor.

8. As a result of Conn being listed as a creditor in the Garners schedules, Conn had both notice and actual knowledge of both the commencement of and all the proceedings in the Garners' bankruptcy case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of the Garners' bankruptcy case gave rise to the automatic stay which, among other things, prohibits Conn from attempting to collect from the Garners any pre-petition obligation owed by the Garners to Conn.

10. Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, Conn telephoned the Garners and sent **seven** emails to collect from the Garners a pre-petition obligation owed by the Garners to Conn. Clearly any systems and procedures the creditor has to avoid stay violations are at best ineffectual or worse yet nonexistent.

11. The actions of Conn violate 11 U.S.C. §362 as set forth in this complaint.

12. The Garners have sustained and continue to sustain injury and damage as a result of Conn's violation(s) of the automatic stay.

13. Conn's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), the Garners are entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Conn for its willful, systematic, intentional, and **repeated** violation(s) of the automatic stay. This creditor elected to call the debtors multiple times and send multiple emails in an "attempt to collect." The phone calls and **seven** emails highlight this creditor's callous disregard of the Bankruptcy Laws and the rights of others.

15. The Garners suffered emotional distress as a direct and proximate result of Conn's behavior.

2

**WHEREFORE**, the Garners ask this court to enter an order:

(A) Awarding the Garners compensatory damages against Conn including the reasonable attorneys' fees and costs incurred by the Garners in the preparation and prosecution of this adversary proceeding;

(B) Awarding the Garners punitive damages against Conn for their willful, systematic, repeated, and intentional violation(s) of the automatic stay, such damages being intended to instill in Conn and other creditors due respect for this court and its orders and to deter them from taking similar action against the Garners and similarly situated debtors in the future;

(C) Voiding the debt owed by the Garners to Conn; and

(D) Granting the Garners any additional or different relief this court deems appropriate.

Dated:  06/04/2019                                Respectfully submitted,

                                                 /s/ John C. Larsen_____
                                                 John C. Larsen
                                                 Attorney for the debtors/plaintiffs,

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com